IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

TRACY DAVIDSON v. STATE OF TENNESSEE

Direct Appeal from the Criminal Court for Shelby County
No. P-16960     W. Fred Axley, Judge

No. W1999-00080-CCA-R3-PC - Decided May 16, 2000

The petitioner, Tracy Davidson, appeals the denial of his petition for post-conviction relief by the Shelby County Criminal Court. Pursuant to a plea agreement, petitioner entered a guilty plea to especially aggravated kidnapping, especially aggravated robbery, and first degree murder. Petitioner received a twenty-five year sentence for especially aggravated kidnapping, a twenty-five year sentence for especially aggravated robbery, and a sentence of life in prison without the possibility of parole for the first degree murder conviction, with all sentences to run concurrently. Petitioner now claims he received ineffective assistance of counsel and that his guilty pleas were not knowingly and intelligently entered. After a thorough review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

OGLE, J. delivered the opinion of the court, in which WADE, P.J. AND WILLIAMS, J. joined.

Craig V. Morton, II, Memphis, Tennessee, for the appellant, Tracy Davidson.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Rosemary Andrews, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

In July, 1993, the petitioner and Sammie Taylor approached the victim, Kimberly Wilburn, as she was getting out of her car at her apartment in Memphis. The petitioner and Taylor forced the victim into the trunk of her car and drove to another location where they picked up three friends. After driving to the Allen Steam Plant, the victim was removed from the car, beaten, run over by her

car and killed.

Petitioner was initially charged with one count of first degree murder, one count of especially aggravated kidnapping , one count of especially aggravated robbery and one count of aggravated rape. Petitioner was represented by two experienced attorneys. In a negotiated plea agreement, the aggravated rape charge was dismissed. The petitioner plead guilty to one count of first degree murder, one count of especially aggravated kidnapping, and one count of especially aggravated robbery. Petitioner was sentenced to life in prison without the possibility of parole for first degree murder, twenty-five years for especially aggravated kidnapping, and twenty-five years for especially aggravated robbery, with all sentences to run concurrently.

After holding an evidentiary hearing, the post-conviction court filed extensive written findings and conclusions addressing all claims raised by the petitioner, and the matter is properly before this court. In support of his claim, petitioner alleges:

(1) Counsel visited petitioner only four times prior to the entry of his guilty plea and failed to fully discuss with him the nature of the case.
(2) Counsel failed to request a psychological evaluation of petitioner in spite of the heinous nature of the crime and the questionable competency of the petitioner.
(3) Counsel failed to make a meaningful pretrial investigation of the case, failed to properly prepare the case for trial, and failed to properly determine the existence of any mitigating factors to counter the aggravating factors the state intended to introduce.
(4) Counsel failed to properly prepare the case for trial by not consulting a jury panel expert to prepare a jury questionnaire and juror profiles.
(5) Counsel improperly waived petitioner's right to a preliminary hearing.
(6) Counsel failed to discuss matters of complete discovery with the prosecuting attorney.
(7) Counsel constantly and consistently threatened petitioner with the death penalty if he failed to plead guilty.

Additionally, petitioner alleges that his guilty pleas were not knowingly and voluntarily entered.

## STANDARDS OF REVIEW

### A. Post-Conviction

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). This court may not reweigh or reevaluate the evidence as to purely factual issues. Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Burns, 6 S.W.3d at 461. The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley, 960 S.W.2d at 579.

### B. Ineffective Assistance of Council

This court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). The test in Tennessee to determine whether counsel provided effective assistance is whether the performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; State v. Burns, 6 S.W.3d 453, 462 (Tenn. 1999). Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997); Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

### C. Guilty Plea

In Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed.2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The court in Hill modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S. Ct. at 370; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

## Post-Conviction Claims

First, the petitioner alleges that counsel were ineffective because counsel did not spend enough time discussing the case with the petitioner before he entered his guilty plea. In response to petitioner's allegation that counsel only visited him four times while he was incarcerated, petitioner's lead counsel testified at the post-conviction hearing that he visited petitioner eleven times in jail and additionally had meetings with him each time he was in court. Co-counsel testified that she met with petitioner six times while he was in jail and visited with him eleven times while he was in lockup awaiting a hearing. Further, in testimony given during the post-conviction proceeding. Counsel testified that they had spent countless hours during numerous visits discussing

the case thoroughly with petitioner.

During the guilty plea hearing, the petitioner was asked if he had any questions or complaints about the way his counsel represented him. Petitioner stated that he had no complaints and that he had thoroughly discussed the case with his counsel. The post-conviction court accredited counsels' testimony, and the evidence clearly supports this finding. This issue is without merit.

Secondly, petitioner alleges that counsel were ineffective for failing to request a psychological evaluation of petitioner. Petitioner asserts that because of the heinous nature of the crime and because of counsels' knowledge that petitioner's mother had regularly consumed alcohol during her pregnancy, counsel should have immediately requested an evaluation. Counsel testified at the post-conviction hearing that Dr. Wilroy, an expert witness, was hired to investigate the possibility of a defense based upon fetal alcohol syndrome. Dr. Wilroy reviewed medical records, photographs of the petitioner and other information provided by counsel and determined that there was no basis for a defense based upon fetal alcohol syndrome. Additionally, counsel engaged in discussions with psychologists at Midtown Mental Hospital and also with Dr. Ciocca. These consultations confirmed counsels' initial determination that a psychological evaluation would be of no benefit. We find this allegation to be without merit.

Petitioner further alleges that counsel failed to make a meaningful investigation of the case, failed to properly prepare the case for trial, and failed to properly determine any mitigating factors to counter the aggravating factors which the state intended to introduce. The record demonstrates that counsel engaged in pretrial investigation efforts and preparation that render this allegation unfounded. Counsel hired an expert witness to confirm their determination that a defense based on fetal alcohol syndrome or another mental condition was not warranted. Counsel engaged in conversations with petitioner's family in order to gain insight into petitioner's background, and used mitigation specialists to aid in developing any mitigating factors that might exist. Counsel investigated petitioner's juvenile background and used staff investigators to aid them in their investigation of the petitioner's case. At the post-conviction hearing, counsel testified that they filed thirty-eight pretrial motions, met and discussed the case with the petitioner numerous times and attended the trial of at least one of the other persons involved in the case. As determined by the post-conviction court, the level of pretrial investigation and preparation for trial by counsel was appropriate. We find these allegations to be without merit.

Petitioner next claims that counsel were ineffective because they waived petitioner's right to a preliminary hearing. Trial counsel testified that they reached an agreement with the state that if the petitioner waived a preliminary hearing, the state would make available to counsel copies of all statements and a list of physical evidence. Furthermore, counsel had observed the preliminary hearing of the co-defendants. The decision to waive the preliminary hearing was a strategic one. Petitioner has failed to show any deficiency by counsel nor has he established prejudice.

Petitioner claims that counsel should have consulted a jury panel expert to prepare jury questionnaires and juror profiles. The petitioner plead guilty, thus eliminating any possible need for

such an expert. Petitioner has failed to establish any deficiency by counsel, nor has petitioner established prejudice as a result of counsels' actions. This issue is without merit.

Additionally, petitioner alleges that counsel were ineffective because counsel failed to discuss with the attorney general matters of discovery. The record reflects that counsel indeed secured proper discovery from the attorney general's office. The post-conviction court found that counsel filed thirty-eight pre-trial motions, received arrest histories of all potential state witnesses and a list of the state's witnesses. The state was also required to disclose the aggravating circumstances surrounding the case. Moreover, as a result of the agreement to waive the preliminary hearing, counsel were provided copies of any statements and lists of all physical evidence relating to the petitioner. The record supports the findings of the post-conviction court. This issue is without merit.

Petitioner alleges that counsel coerced him into entering a guilty plea with threats that he would receive the death penalty if he did not plead guilty. Counsel testified that no threats or coercion were used to force the petitioner to plead guilty. Counsel did emphasize the potential sentences which the petitioner faced, one of which was the death penalty. Counsel testified that in order to ensure that the petitioner understood the gravity of the choices he was required to make, they discussed sentencing issues with him several times. Counsel's repeated reminders of possible sentencing outcomes in order to ensure that a defendant makes a knowledgeable decision is not coercion. A plea of guilty to avoid a death sentence does not, standing alone, render the plea involuntary. Parhan v. State, 885 S.W. 2d 375, 381 (Tenn. Crim. App. 1994). The post-conviction court properly found that the petitioner was not coerced into entering a guilty plea. This issue is without merit.

Finally, petitioner alleges that his guilty pleas were not knowingly and intelligently entered because counsel failed to fully advise him of his rights. According to the testimony of trial counsel, the petitioner was advised of his constitutional rights before he entered his guilty plea. Furthermore, the trial court carefully advised the petitioner of his rights before the trial court accepted his guilty pleas. The record of the guilty plea hearing further reflects that the petitioner understood the nature of the proceeding, and at one point stopped the proceeding and sought clarification from trial counsel. The post-conviction court properly found that the petitioner knowingly and intelligently entered his guilty pleas. This issue is without merit.

In conclusion, petitioner has failed to demonstrate that counsels' representation was deficient in any manner, or that petitioner was prejudiced in any manner. The record fully supports the findings of the post-conviction court that petitioner received effective assistance of counsel, and that petitioner knowing and intelligently entered his guilty pleas.

Based on the foregoing, we affirm the judgment of the post-conviction court.